UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
(ST. LOUIS) DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| JULIA A. FISH, | § § | CASE NO. 14-41200-CER |
| | § | CHAPTER 7 |
| | § | |
| DEBTOR. | § § | Response due: 9/2/2014 |

**SOUTHWEST BANK'S MOTION FOR SANCTIONS**

**PLEASE TAKE NOTICE: ANY RESPONSIVE PLEADING IN OPPOSITION TO THIS MOTION MUST BE FILED IN WRITING NO LATER THAN 21 DAYS FROM THE DATE OF SERVICE OF THIS MOTION AS SHOWN ON THE CERTIFICATE OF SERVICE. (See L.R. 9013-1(B) and 9061(B)) THE RESPONSE MUST BE SERVED AT THE TIME OF FILING UPON THE UNDERSIGNED AND UPON ALL ENTITIES DESCRIBED IN L.R. 9013-1(A). THE COURT MAY GRANT THE MOTION WITHOUT FURTHER NOTICE TO ANY PARTY UPON EXPIRATION OF THE RESPONSE PERIOD IF NO RESPONSE IS FILED.**

**IF A RESPONSE OR OBJECTION IS FILED, THE MOVANT, APPLICANT OR CLAIM OBJECTOR SHALL SET THE MATTER FOR HEARING AND PROVIDE NOTICE THEREOF TO THE RESPONDENT AND ALL ENTITIES DESCRIBED IN L.R. 9013-1(A).**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE CHARLES RENDLEN, UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW, **SOUTHWEST BANK** ("Southwest" and "Creditor"), and files this, its Motion for Sanctions against Debtor, **JULIE FISH**, and in support thereof will show the Court as follows:

# I. BACKGROUND

1. On May 28, 2013, Creditor entered an agreement with Nomad Adventures, LLC through its principals, Ms. Fish and Ms. Damon, that Nomad Adventures, LLC would organize a trip for Southwest's travel club (*See* Agreement attached as Exhibit "A").

2. Debtor Julie Fish owns a 50% share in the travel agency Nomad Adventures, LLC with her partner, Susan Damon.

3. The agreement included the cost of airfare, hotels, insurance and a cruise. The total cost per person would range from $6,031.00 to $7,830.00. Southwest Bank's Travel Club reserved 32 spaces on the trip with an initial deposit of $800.00 to create the trip, and an additional deposit of $500.00 per person when each traveler signed up for the trip. Southwest Bank's Travel Club paid Nomad $31,967.00. After representing that all of the $31,967.00 was applied to the trip, Nomad urged Southwest Bank's Travel Club to send immediate funds in the amount of $121,716.00. Southwest paid the $121,716.00 with a cashier's check, #155332, which was deposited at U.S. Bank into Nomad's account. In reality, only $18,625.00 was applied to the trip. There remains $135,058.00 of the money paid by Southwest unaccounted for to date.

4. Within weeks of receiving the final payment from the Debtor, Nomad sent a letter to Southwest stating that Nomad Adventures, LLC was going out of business. The letter stated that Southwest was to contact corporate counsel for Nomad Adventures, LLC, Robert Eggman. Southwest attempted to contact Mr. Eggman who stated that he had no information and instructed Southwest not to contact him.

5. Nomad Adventures, LLC has not filed bankruptcy, and is currently listed as an active company on the Missouri Secretary of State website. Due to the actions of Nomad Adventures, LLC and its principals, including Debtor, the trips were not booked. Since

Southwest Bank's Travel Club had pre-existing obligations with its customers, it was damaged by having to book trips itself to meet the obligations to its customers.

6  On February 26, 2014, Julie Fish filed a voluntary Chapter 7 Petition, Schedules and Statements. None of the original documents filed with the Court listed Southwest Bank as a creditor, and Southwest Bank was not provided notice of the bankruptcy (Doc. No. 1).

7.  In the means test filed by Debtor as part of the Schedules and Statement of Financial Affairs, Ms. Fish made the verified statement that she had an average monthly income of $2,152.77. Ms. Fish also stated in the Schedules that she was unemployed (Doc. No. 1).

8.  On March 21, 2014, the first 341 Meeting of the Creditors occurred.

9.  On June 15, 2014, over sixty (60) days after the first 341 Meeting of the Creditors occurred, Debtor filed Amended Schedules and Statements that listed Southwest Bank as a creditor based on the Debtor's personal liability for the amount of $108,000.00 from Nomad Adventures, LLC (Doc. No. 16). This was the first notice Southwest had that the Debtor had filed bankruptcy.

10.  On July 21, 2014, counsel for Southwest attended the continued 341 Meeting of Creditors for Ms. Fish. At said meeting, Ms. Fish admitted that she had lied on her verified bankruptcy filings, stating she was unemployed at the time of filing. She additionally lied by stating as part of her means test, she had an average monthly income of $2,152.77 for the six (6) months prior to bankruptcy. She admitted she had been employed by Nomad Adventures, LLC, and had received both a paycheck of approximately $4,000 a month, and cash draws from the company during said time. She alleged that she did not remember how much had been taken from Nomad Adventures, LLC.

11.     Following the July 21, 2014, 314 Meeting of Creditors, counsel for Southwest sent a letter to Debtor's counsel requesting, (1) the Errors and Omissions policy for Nomad Adventures, LLC, (2) Bank Statements from Nomad Adventures, LLC, (3) documents regarding the creation of Nomad Adventures, LLC, (4) Nomad Adventures, LLC's tax returns for the years 2013 and 2014, (5) the retainer letter of corporate counsel for Nomad Adventures, LLC, and (6) Ms. Fish's personal bank statements that reflect all payments received from Nomad in the six (6) months prior to bankruptcy.

12.     In response to said letter, Debtor's counsel only provided to Southwest the Errors and Omissions policy, and failed to provide any of the other documents requested.

13.     On or about August 7, 2014, Southwest Bank filed an Objection to Discharge and Dischargeability against Ms. Fish, which was based in part on her fraudulent claims in her original schedules.[1] (Doc. No. 30 and Doc. No. 35).

14.     On August 7, 2014, Debtor filed a Motion to Dismiss (Doc. No. 32) and Amended Chapter 7 Statement of Current Monthly Income and Means-Test (Doc. No. 31).  The Motion to Dismiss states, "Debtor, upon additional information and belief, has provided her attorney with a payroll report regarding the total amount of wages and salary paid by Nomad Adventures LLC to Debtor and that an amended Form B22, Means Test Form, was necessary and that the amended Form B22 indicated that Debtor is not eligible for the Chapter 7 Bankruptcy Relief at this time and therefore Debtor seeks the dismissal of her case." (Doc. No. 32).

15.     In the Amended Chapter 7 Statement of Current Monthly Income and Means-Test Calculation filed by Debtor as part of the Schedules and Statement of Financial Affairs, Ms. Fish

---

[1] On August 7, 2014, Southwest filed an Objection to Discharge and Complaint Seeking Damages.  (Doc. No. 30) The Objection to Discharge and Complaint Seeking Damages was withdrawn on August 8, 2014 (Doc. No. 33).  On August 8, 2014, Southwest re-filed the Objection to Discharge and Dischargeability as an Adversary Proceeding. (Doc. No. 35).

_____
**SOUTHWEST BANK'S MOTION FOR SANCTIONS**                                                  Page 4 of 9
D/908332v1

made the verified statement that she had an average monthly income of $10,260.00, which was substantially higher than the $2,152.77 originally reported (Doc. No. 31). Of the $10,260.00 reported, $2,500.00 was listed as gross wages, and $6,632.00 as income from the operation of a business. Upon information and belief, Nomad Adventures, LLC was the only business owned by the Debtor and the only employer that she had.

## II. ARGUMENT AND AUTHORITIES

16. The Court can impose sanctions on a person who signed a pleading in violation of Federal Rules of Bankruptcy Procedure 9011.

17. Bankruptcy Rule 9011(b) provides in part:

\*\*\*

(b) REPRESENTATIONS TO THE COURT. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying to the best of that person's knowledge, information, and belief, formed after an inquiry reasonably under the circumstances;

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on the lack of information or belief.

Fed. R. Bankr. P. 9011(b).

18. Bankruptcy Rule 9011(c) provides for sanctions and states in relevant part:

\*\*\*

(c) SANCTIONS. If, after notice and reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

19. Under Rule 9011, an award for sanctions requires a showing of objectively unreasonable conduct, or alternatively, a subjective determination of an improper purpose. *See In re Collins,* 250 B.R. 645, 661-62 (Bankr. N.D. Ill. 2000); In *re Mahendra,* 131 F.3d 750, 759 (8th Cir. 1997) (objective determination of whether a party's conduct was reasonable under the circumstances); *In re Marsch,* 36 F.3d 825, 830 (9th Cir. 1994) (consider frivolousness and improper purpose on a sliding scale; the more compelling the showing as to one element, the less decisive need to show the other); *Singer Furniture Acquisition Corp. v. SSMC. Inc.* 254 B.R. 46, 59 (M.D. Fla. 2000) (to award sanctions, one must establish only one of three alternatives: legally baseless, factually baseless, or improper purpose).

20. The Debtor's original means test was fraudulent, and failed to include a majority of the income that she received over the six (6) months prior to bankruptcy (Doc. No. 1). The Debtor knew, or should have known, that she had been employed by Nomad Adventures, LLC in the six (6) months prior to bankruptcy, and had received substantial income over that period of time from Nomad Adventures, LLC. At the time of filing her original verified schedules, the Debtor knew, or should have known, that there was no evidentiary support to her claim that she received an average monthly income of $2,152.77 (Doc. No. 1).

21. The Debtor also knew, or should have known, at the time of filing her original Schedules and Statement of Financial Affairs, that Southwest Bank was a potential creditor due

___

to the Debtor's ownership in Nomad Adventures, LLC. Additionally, by waiting until June 15, 2014, over sixty (60) days after the first 314 Meeting of Creditors, to add Southwest Bank as a creditor the Debtor attempted to avoid Southwest being able to file an objection to discharge and dischargeability (Doc. No. 16).

22. The purpose of the Debtor's action was to cause unnecessary delay and needless increase of the cost of litigation incurred by Southwest Bank in its attempt to recover the funds taken by Nomad Adventures, LLC and its principals, including the Debtor.

23. Had the Debtor provided the correct information regarding the income received from Nomad Adventures, LLC, it would have been clear that Debtor was not entitled to relief under Chapter 7 of the Bankruptcy Code. Southwest would not have incurred the attorney's fees and costs of attending the 341 Meeting of Creditors, requesting supporting documentation from the Debtor's counsel, filing the objection to discharge and dischargeability, and filing this motion.

24. Southwest is requesting that the Court enter an order requiring the Debtor to pay for the attorney's fees and costs incurred by Southwest in relation to attending the 341 Meeting of the Creditors, requesting supporting documentation from the Debtor's counsel, filing the objection to discharge and dischargeability, drafting the Motion for Sanctions and attending any hearing on the Motion for Sanctions. In the interest of time, Southwest will supplement the exact amount of attorney's fees and costs incurred in a later filing.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Creditor Southwest Bank requests that the Court render sanctions against the Debtor, and award it attorneys' fees and costs, and such other and further relief to which Creditor Southwest Bank may be entitled to at law and in equity.

___

Respectfully submitted,

BY: */s/ Timothy Micah Dortch*
     **TIMOTHY MICAH DORTCH,**
     *Admitted Pro Hac Vice*

**COOPER & SCULLY, P.C.**
900 Jackson Street, Suite 100
Dallas, Texas 75202
(214) 712-9500
(214) 712-9540 (fax)
Micah.Dortch@cooperscully.com

**COUNSEL FOR SOUTHWEST BANK**

## CERTIFICATE OF SERVICE

In addition to those parties served with this document by the Court's CM/ECF system, the undersigned served a true and complete copy of this document by first class mail upon each of the parties at the address listed below and all parties on the attached matrix on August 12, 2014.

| | |
|---|---|
| Julie A. Fish<br>227 Robins Song<br>Ellisville, MO 63021<br>*Debtor* | E. Rebecca Case<br>Stone, Leyton & Gershman<br>7733 Forsyth Blvd., Suite 500<br>St. Louis, MO 63105<br>*Chapter 7 Trustee* |
| Steven Charles Bublitz<br>Bublitz & Baro, LLC<br>1113 Howdershell Road<br>Florissant, MO 63031<br>*Counsel for Debtor* | Office of the U.S. Trustee<br>111 South Tenth Street, Suite 6353<br>St. Louis, MO 63102<br>*U.S. Trustee* |

*/s/ Timothy Micah Dortch*
**TIMOTHY MICAH DORTCH**

___

| | | |
|---|---|---|
| American Express<br>P.O. Box 297871<br>Fort Lauderdale, FL 33329-7871 | American Express<br>P.O. Box 297879<br>Fort Lauderdale, FL 33329-7879 | |

American Express
P.O. Box 650448
Dallas, TX 75265-0448

American Express
P.O. Box 981537
El Paso, TX 79998-1537

American Express Centurion Bank
c/o Becket and Lee LLP
POB 3001
Malvern  PA 19355-0701


Bank of Oklahoma
7060 S Yale Avenue
Tulsa, OK 74136-5711

CAP1/Neimn
PO Box 30253
Salt Lake City, UT 84130-0253

CAP1/SAKS
PO Box 30253
Salt Lake City, UT 84130-0253


CERASTES, LLC
C O WEINSTEIN, PINSON, AND RILEY, PS
2001 WESTERN AVENUE, STE 400
SEATTLE, WA 98121-3132

Capital One
PO Box 30285
Salt Lake City, UT 84130-0285

Capital One /Neiman Marcus
PO Box 30253
Salt Lake City, UT 84130-0253


Capital One Bank (USA), N.A.
PO Box 71083
Charlotte, NC  28272-1083

Capital Recovery V, LLC
c/o Recovery Management Systems Corporat
25 SE 2nd Avenue Suite 1120
Miami FL 33131-1605

Capitol One Visa
P.O. Box 26625
Richmond, VA 23261-6625


Capitol One Visa
P.O.Box 60000
Seattle, WA 98190-6000

Capitol One, FSB
PO Box 34631
Seattle, WA 98124-1631

CitiBank/Sears
P.O. Box 6283
Sioux Falls, SD 57117-6283


Citibank
P.O. BOX 769006
San Antonio, TX 78245-9006

Citibank
P.O. Box 6411
The Lakes, NV 88901-6411

Citibank
P.O. Box 6531
The Lakes, NV 88901-6531


Citibank
P.O. Box 6533
The Lakes, NV 88901-6533

Comenity Bank
Bankruptcy Department
P.O. Box 182125
Columbus, OH 43218-2125

Comenity Bank
PO Box 182789
Columbus, OH 43218-2789


Comenity Bank/Talbot;s
PO Box 182120
Columbus, OH 43218-2120

Comenity/PTTRYBRN
PO BOX 182789
Columbus, OH 43218-2789

David M. Fish
7949 Gannon
Saint Louis, MO 63130


Dillards
P.O. Box 981430
El Paso, TX 79998-1430

Dillards
P.O. box 960012
Orlando, FL 32896-0012

Dillards National Bank
396 North William Dillard Drive
Gilbert, AZ 85233-4510

EMI (David Adkins)
45-419 Mokulel Drive Suite 3
Kaneohe, HI 96744-2110

Entertainment/Marketing International, LLC
45-419 Mokulele Dr #3
Kaneohe, HI 96744-2110

GAP
P.O. Box 530993
Atlanta, GA 30353-0993

GAP
PO Box 105980, Dept 72
Atlanta, GA 30348-5980

GE Capital
OH-4233
950 Forrer Blvd.
Dayton, OH 45420-1469

GE Capital
P.O. Box 740441
Atlanta, GA 30374-0441

GE Capital Cons Card Co
P.O. box 960061
Orlando, FL 32896-0061

GE Capital Cons Cardco
P.O. Box 9001557
Louisville, KY 40290-1557

GE Capital/Dillards
PO BOX 965024
Orlando, FL 32896-5024

GE Capital/QVC
PO Box 965018
Orlando, FL 32896-5018

GE Money Bank
Attn:  Bankruptcy Dept
P.O. Box 103104
Roswell, GA 30076-9104

GE Money Bank
P.O. Box 530927
Atlanta, GA 30353-0927

GE Money Bank
P.O. Box 6153
Rapid City, SD 57709-6153

GE Money Bank
P.O. Box 981438
El Paso, TX 79998-1438

GE Money Bank
P.o. Box 981469
El Paso, TX 79998-1469

GE Money Bank/Gap
PO Box 9650005
Orlando, FL 32896-0001

GE/JCPenney
PO Box 965007
Orlando, FL 32896-5007

GECRB
P.O. box 960013
Orlando, FL 32896-0013

GECRB/Banana Republic
PO Box 965005
Orlando, FL 32896-5005

GECRB/Care Care One
P.O Box 965033
Orlando, FL 32896-5033

GECRB/Care Credit
P.O Box 965033
Orlando, FL 32896-5033

GECRB/Care Credit
c/o PO Box 965036
Orlando, FL 32896-0001

GECRB/SHOP HQ
PO Box 965005
Orlando, FL 32896-5005

GECRB/Sams
P.O. box 965005
Orlando, FL 32896-5005

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Internal Revenue Service
P.O. Box 7346
Philadelphia PA 19101-7346

J Jill/Citibank
PO Box 6497
Sioux Falls, SD 57117-6497

JC Penney
P.O. Box 981131
El Paso, TX 79998-1131

JC Penney Credit Card
P.O. Box 960001
Orlando, FL 32896-0001

JC Penney Credit Services
GE Consumer Finance
P.O. Box 960061
Orlando, FL 32896-0061

| | | |
|---|---|---|
| JC Penney-MCCBG<br>3802 Northdale Boulevard<br>Tampa, FL 33624-1833 | Lee County Bank & Trust<br>801 Avenue F<br>Fort Madison, IA 52627-2818 | Macy<br>PO Box 8218<br>Mason, OH 45040-8218 |
| Macy dsnb<br>9111 Duke Blvd<br>Mason, OH 45040-8999 | Macy's<br>111 Boulder Industrial Drive<br>Bridgeton, MO 63044-1241 | Macy's<br>6356 Corley Road<br>Norcross, GA 30071-1704 |
| Mary G. Fish<br>227 Robins Song Drive<br>Ballwin, MO 63021-4793 | Missouri Department of Revenue<br>301 West High Street, Room 670<br>P.O. Box 475<br>Jefferson City, MO 65105-0475 | Missouri Department of Revenue<br>Individual Income Tax<br>PO Box 3800<br>Jefferson City, MO 65105-3800 |
| Missouri Department of Revenue<br>P.O. Box 475<br>Jefferson City, MO 65105-0475 | NORDSTROM fsb<br>POB 6566<br>ENGLEWOOD CO 80155-6566 | Neiman Marcus<br>P.O. Box 5235<br>Carol Stream, IL 60197-5235 |
| Neiman Marcus<br>P.O. Box 740933<br>Dallas, TX 75374-0933 | Neiman Marcus<br>PO Box 729080<br>Dallas, TX 75372-9080 | Nordstrom<br>P.O. Box 13589<br>Scottsdale, AZ 85267-3589 |
| Nordstrom<br>P.O. Box 79134<br>Phoenix, AZ 85062-9134 | Nordstrom FSB<br>P.O. Box 13589<br>Scottsdale, AZ 85267-3589 | Northwest Bank<br>100 Kimberly Road<br>Davenport, IA 52806-5938 |
| Office of U.S. Trustee<br>111 South Tenth Street<br>Suite 6.353<br>St. Louis, MO 63102-1127 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | QVC<br>P.O.Box 1900<br>West Chester, PA 19380-0146 |
| QVC<br>PO Box 105975<br>Atlanta, GA 30348-5975 | Quantum3 Group LLC as agent for<br>Comenity Bank<br>PO Box 788<br>Kirkland, WA  98083-0788 | Sams Club<br>P.O. box 4596<br>Carol Stream, IL 60197-4596 |
| Sams Club<br>P.O. box 530942<br>Atlanta, GA 30353-0942 | Sams Club/GE Money Bank<br>PO Box 981064<br>El Paso, TX 79998-1064 | Sears<br>P.O. Box 182149<br>Columbus, OH 43218-2149 |
| Sears Bankruptcy Recovery<br>P.O. Box 3671<br>Urbandale, IA 50323-0671 | Southwest Bank<br>4809 Camp Bowie<br>Fort Worth, TX 76107-4150 | Talbots<br>175 Beal Street<br>Hingham, MA 02043-1512 |

```
Talbots                          Target National Bank              Target National Bank
6 Blackstone Valley Place        3901 West 53rd Street             P.O. Box 673
Lincoln, RI 02865-1179           Sioux Falls, SD 57106-4216        Minneapolis, MN 55440-0673


Target National Bank             Target National Bank              (p)US BANK
PO Box 660170                    c/o Target Credit Services        PO BOX 5229
Dallas, TX 75266-0170            P.O. Box 1581                     CINCINNATI OH 45201-5229
                                 Minneapolis, MN 55440-1581


Wells Fargo Financial            E. Rebecca Case                   Julie A. Fish
4143 121ST ST                    7733 Forsyth Blvd.                227 Robins Song
Urbandale, IA 50323-2310         Suite 500                         Ellisville, MO 63021-4793
                                 Saint Louis, MO 63105-1817


Steven Charles Bublitz
Bublitz & Baro LLC
Attorneys at Law
1113 Howdershell Rd
Florissant, MO 63031-7520
```

          The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
          by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Internal Revenue Service         Portfolio Recovery Associates, LLC   US BANK N.A.
Insolvency Unit                  POB 12914                            BANKRUPTCY DEPARTMENT
P.O. Box 21126                   Norfolk VA 23541                     P.O. BOX 5229
Philadelphia, PA 19114                                                CINCINNATI, OH 45201-5229


(d)US Bank Reserve Line          (d)US Bank Reserve Line
P.O. Box 790408                  PO Box 5227
Saint Louis, MO 63179-0408       Cincinnati, OH 45201
```

          The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Southwest Bank                (d)Wells Fargo Financial          End of Label Matrix
                                 4143 121st Street                 Mailable recipients    99
                                 Urbandale, IA 50323-2310          Bypassed recipients     2
                                                                   Total                 101
```