# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| **JULIE A. FISH,** | ) | **Case No. 14-41200-705** |
| Debtor, | ) | **Chapter 7** |
| | ) | |
| **MS. E. REBECCA CASE,** | ) | **Debtor's Answer and Response to the** |
| Movant/Chapter 7 Trustee, | ) | **Motion for an Order Requiring Debtor** |
| vs. | ) | **to Appear and Be Examined** |
| **MS. JULIE A. FISH,** | ) | |
| Respondent/Debtor, | ) | |

## DEBTOR'S ANSWER AND RESPONSE TO THE MOVANT'S MOTION FOR ORDER REQUIRING DEBTOR TO APPEAR AND BE EXAMINED

Comes Now, Julie A. Fish, Debtor, by and through her attorney, Steven C. Bublitz, and for the Debtor's Answer and Response to the Movant's for an Order Requiring Debtor to Appear and be Examined:

1.) Debtor admits the allegations contained in paragraphs numbered 1, 2, 3 and 4 of the Chapter 7 Trustee's Motion for Order Requiring Debtor to Appear and be Examined.

2.) Debtor admits the allegations contained in paragraph number 5 and by way of further answers and response that the Debtor, Julie A. Fish, has appeared at multiple 341 Meetings of Creditors and has been extensively examined by Chapter 7 Trustee, E. Rebecca Case, and Cynthia Moore, from the Office of US Trustee, and the Debtor has answer all questions presented by Ms. Case and Ms. Moore during each and every 341 Meeting of Creditors and those meetings of creditors were completed with all of the

questions of Chapter 7 Trustee and Cynthia Moore from Office of the US Trustee being answered by the Debtor.

3.)     That the Debtor admits the Chapter 7 Trustee has made a demand for the documents listed in paragraph number 6 and that the Debtor has provided all of the documents listed in paragraph number 6 that the Debtor has in her possession including but not limited to tax returns for three (3) years, any and all documents reflecting the Debtor's ownership in real property including recorded deeds of trust and tax liens and property settlements and proof of homeowner's insurance, amending the Statement of Financial Affairs to conform to Debtors' numerous testimony at the 341 Meeting of Creditors, a payroll report from Nomad Adventures LLC for the six month CMI period prior to filing Chapter 7, declaration sheet from Debtor's Homeowner's Insurance carrier providing detailed information on the nature and coverage of insurance the Debtor has on her residence and the Debtor made every extra effort to try to obtain twelve (12) months credit card statements and the Debtor turned over to the Trustee all of the credit card statements Debtor was able to receive from her credit card creditors.

4.)     Debtor denies each and every allegation contained in pargraph number 7 as the Debtor has turned over volumes of documents to the Chapter 7 Trustee and the Debtor's counsel has also made duplicate copies of income tax returns when the Chapter 7 Trustee has lost or misplaced documents previously provided to the Chapter 7 Trustee through U.S. Mail.

5.)     That Debtor admits the allegation in paragraph 8 and Debtor did amended

Schedule F after being advised by Mr. Robert Eggman that Debtor, Julie A. Fish, has

contingent liabilities from her partial ownership interest in Nomad Adventures LLC and

the Debtor further amended Schedule D to include the correct amount of Missouri State

Income Tax Lien that was recorded with the St. Louis County Recorder of Deeds.

6.)    That Debtor admits the allegations contained paragraph number 9 in that

the Chapter 7 Trustee **demanded** an itemization of all of the Debtors' personal clothing,

jewelry and a more accurate reflection of the real estate value given numerous repairs and

defects to the Debtor's residence, which were all apart of her extensive and exhaustive

341 Meeting of Creditors, and the Chapter 7 Trustee **demanded** an amended Statement

of Financial Affairs to match the Debtor's testimony at her extensive and exhaustive 341

Meeting of Creditors including any new information from the credit card statements the

Debtor had provided the Chapter 7 Trustee.  The Debtor has by way of further answer

and response made every reasonable and exhaustive effort to comply with the Chapter 7

Trustee's numerous and never ending request for additional information.

7.)    That the Debtor admits the allegations contained in paragraph 10 in that the

Debtor is required to amended Form 22A when new information was disclosed about

salary that the Debtor received in the Fall of 2013 and any draws Debtor took from

Nomad Adventures LLC in the Fall of 2013 all of which resulted in a presumption of

abuse being raised in this case under 11 U.S.C.707.

8.)    That the Debtor admits the allegation contained in paragraph number 11

that the Debtor is compelled to file a Motion to Dismiss once a Presumption of Abuse

Arises under Form 22A and Debtor was further advised by her corporate counsel, Robert Eggmann, that Nomad Adventures LLC had not been dissolved and therefore, Debtor, would need to employ other professionals such as attorneys and accountants to wrap up the final affairs of Nomad Adventure LLC and therefore Debtor can more quickly and efficiently resolve the remaining issues to dissolve Nomad Adventures LLC outside of the bankruptcy process and Nomad Adventures LLC has not filed for bankruptcy relief is therefore not before the jurisdiction of this court.

9.)     Debtor admits the allegations contained in paragraph 12 and 13 of the Movant's Motion for An Order Requiring Debtor to Appear and be Examined.

10.)     Debtor denies each and every allegation contained in paragraphs number 14 in that the Debtor's counsel has mailed numerous documents to the Chapter 7 Trustee Law office and even gone to the "**extra**" effort to hand deliver documents to the Chapter 7 Trustee's Law office all in an effort to comply with the numerous and unending requests for documents.

11.)     Debtor denies the allegations contained in paragraph number 15 in that the Debtor previously complied with all requests for documents and provided extensive testimony and numerous 341 meetings of creditors and the Debtor has never once refused to answer any of the Chapter 7 Trustee's numerous questions or any creditor questions. The Debtor has not taken any action to obstruct or to delay this case in fact the Debtor has made numerous appearance at continued 341 Meetings of Creditors, which is in complete contradiction to the Trustee's allegation and statement.

12.)    Debtor neither admits nor denies the allegation and statement in paragraph number 15, which is a mutual agreeable time for a Rule 2004 examination provided the scope of any examination is limited to new information and not to rehash and to relitigate the same questions that Chapter 7 Trustee has asked and the Debtor has answered in prior 341 Meeting of Creditors testimony.

13.)    Debtor denies and objects to the list of documents included in paragraph 17 of the Movant's Motion for An Order Requiring Debtor to Appear and Be Examined as the Debtor has previously made extensive document production to the Chapter 7 Trustee and the Debtor has produced any all documents responsive to 17(a), 17(b), 17(c.), 17(e) and Debtor has previously produced all income documents for the required six month CMI period for Form 22A and the Trustee's request in 17(d) will only provide irrelevant additional information that has no bearing on Form 22A and Debtor has not received all of the corporate records of Nomad Adventures LLC relative to 17(f) and again Nomad Adventures LLC is separate entity and Southwest Bank has instituted its own litigation against Nomad Adventures LLC and that is the proper forum for that disclosure and beyond the scope of this Chapter 7 case for Debtor, 17(g) Debtor does not have possession of an income tax return for 2013 for Nomad Adventures LLC which again is a separate entity and not apart of this bankruptcy proceeding, 17(h) Debtor has not had any recent communication with Susan Damon her co-owner of Nomad Adventures LLC and Ms. Damon is not subject to the jurisdiction of this court.

14.)    That the Debtor further moves this honorable court that the Rule 2004

Examination be limited to the inquiry of the Chapter 7 Trustee and the Office of the U.S. Trustee and that Southwest Bank be specifically excluded from this examination in that Southwest Bank has instituted its own separate adversary proceeding against Debtor, Julie Fish, and Southwest Bank is amply represented and can conduct its own discovery without any assistance from the Chapter 7 Trustee or Office of the U.S. Trustee.

**WHEREFORE,** The Debtor prays this honorable court **deny** the Rule 2004 request as filed by the Chapter 7 Trustee, E. Rebecca Case, and in the alternative limit the scope of any Rule 2004 examination to new questions and to a new inquiry in to any matters that have not be previously investigated in the Four prior 341 Meeting of Creditors appearances by Debtor and any new request for documents taking in consideration that the documents in paragraph number 6 and 17 have been already produced to the Chapter 7 Trustee and for such other and further orders as this court deems just and proper under the circumstances.

Respectfully Submitted,

**/s/ Steven C.  Bublitz**
Mr. Steven C. Bublitz MBE 38247 EdMO 25725
Attorney for Debtor, Julie A. Fish
Law Offices of Steven C. Bublitz
1113 Howdershell Road, Florissant, MO 63031
(314) 831-2277 (314) 831-2344 FAX
E-mail:sbublitz@bublitzandbaro.com

## Certificate of Service

A copy of the above and foregoing pleading was sent to Ms. E. Rebecca Case, Chapter 7 Trustee, 7733 Forsythe Blvd, Suite 500, Clayton, Missouri 63105 and Mr. Paul Randolph, Office of the U.S. Trustee, 111 South Tenth Street, Suite 6353, St. Louis, Missouri 63101 by electronic noticing through the U.S. Bankruptcy Court ECF system and by depositing a copy in the U.S. Mail, First Class Postage Prepaid on this 29th day of September, 2014 so certified the undersigned.

**/s/ Steven C. Bublitz**