UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| **In re:** | ) | Case No.:  14-41200 |
| | ) | Honorable Charles E. Rendlen, III |
| **JULIE A. FISH,** | ) | Chapter 7 Proceeding |
| | ) | |
| **Debtor.** | ) | |
| _____ | ) | |
| | ) | Hearing Date: April 15, 2015 |
| **NOMAD ADVENTURES, LLC and** | ) | Hearing Time 11:00 a.m. |
| **ROBERT E. EGGMANN,** | ) | Hearing Location: Courtroom |
| | ) |  7 South |
| **Movants,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **SOUTHWEST BANK,** | ) | |
| **TIMOTHY MICAH DORTCH and** | ) | |
| **COOPER & SCULLY, P.C.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

### MOTION FOR SANCTIONS PURSUANT TO RULE 9011 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

COME NOW Nomad Adventures, LLC and Robert E. Eggmann and file this Motion for Sanctions Pursuant To Rule 9011 of the Federal Rules of Bankruptcy Procedure (the "**Motion**"). In support of the Motion, the movants respectfully state and allege as follows:

### JURISDICTION AND VENUE

1.  On February 14, 2014 (the "**Petition Date**"), Debtor Julie A. Fish ("**Debtor**") filed a voluntary petition for relief under Chapter 7, Title 11 of the United States Code (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the Eastern District of Missouri.

2.  Movant Nomad Adventures, LLC ("**Nomad**") is Missouri limited liability company in which Debtor, as of the Petition Date held a member interest.

1

3. Robert E. Eggmann ("**Mr. Eggmann**") is an attorney at law with an office located in Clayton, Missouri and for all relevant times herein acted as counsel for Nomad.

4. Southwest Bank (the "**Bank**") is located in the state of Texas and upon information and belief alleges that it is a creditor of Nomad and Debtor being owed the amount of $135,058.00.

5. Timothy Micah Dortch ("**Mr. Dortch**") and the law firm of Cooper & Scully, P.C. (the "**Law Firm**") with an office located in Dallas, Texas and is counsel for record for the Bank in the Debtor's bankruptcy case.

6. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (G).

7. This Court has jurisdiction over the adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this matter is proper under 28 U.S.C. §§ 1408–09.

## BACKGROUND FACTS

8. On August 8, 2014, the Bank filed an adversary proceeding against Debtor titled as Plaintiff's Objections and Complaint Seeking Exception to Discharge and Damages (the "**Complaint**").

9. The Complaint is signed by Mr. Dortch as counsel of record of the Bank. According to the Law Firm's website, Mr. Dortch is a shareholder of the Law Firm.

10. Paragraph 8 of the Complaint states "[w]ithin weeks of receiving the final payment from the Plaintiff, Nomad sent a letter to Plaintiff stating that Nomad Adventures, LLC was going out of business. The letter stated that Southwest was to contact corporate counsel for Nomad Adventures, LLC, Robert Eggman [*sic*]. Southwest [the Bank] attempted to contact Mr. Eggman [*sic*] who stated that he had no information and instructed Plaintiff not to contact him."

2

11.     Paragraph 8 contains a statement that is false.  The statement that is false is that Mr. Eggmann "stated that he had no information and instructed Plaintiff [the Bank] not to contact him."  Hereinafter, the aforementioned statement is referred to as the "**Statement**."

12.     While Mr. Eggmann recalls having a conversation with a party representing himself to be in-house counsel for the Bank, he never made such a statement.  Further, assuming that the Bank told Mr. Dortch that this occurred, Mr. Dortch had a duty to investigate this allegation before placing it into a Complaint.  Mr. Dortch has never contacted Mr. Eggmann.

## RELIEF REQUESTED

### *Sanctions Under Rule 9011(b)*

1.     Rule 9011(b) of the Bankruptcy Rules of Bankruptcy Procedure provides that

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
>
> > **(1)** it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> > **(2)** the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> > **(3)** the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> > **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

2.     Rule 9011(c) of the Federal Rules of Bankruptcy Procedure provides that

> If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction

3

   upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

3. Rule 9011(c)(1) provides for safe harbor period. The moving party shall serve the motion for sanction upon the respondent to the motion and unless the pleading is withdrawn within 21 days after service, the moving party shall file the motion for sanctions. Nomad and Mr. Eggmann served this Motion on counsel for the Bank on October 8, 2014.

4. The Statement is false, has no evidentiary support and could not have any evidentiary support after a reasonable opportunity for further investigation or discovery.

5. As such grounds exist to award sanctions to Nomad and Mr. Eggmann pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure including but not limited to the striking of the Statement and the imposition of monetary sanctions.

**WHEREFORE**, Nomad Adventures, LLC and Robert E. Eggmann respectfully request that the Court enter the following:

 a. An Order granting this Motion;

 b. An Order finding that Rule 9011 of the Federal Rules of Bankruptcy Procedure has been violated;

 c. An Order sanctioning the parties by striking the portion of the Complaint that is defined herein as the Statement;

 d. An Order sanctioning the parties in an amount no less than Nomad's attorney's fees in connection with this Motion for Relief; and

 e. An Order granting such other and further relief as the Court deems just and proper.

4

Respectfully Submitted,

DESAI EGGMANN MASON LLC

By: /s/ Robert E. Eggmann
ROBERT E. EGGMANN #37374
7733 Forsyth Boulevard, Suite 800
St. Louis, Missouri 63105
Telephone: (314) 881-0800
Fax: (314) 881-0820
reggmann@demlawllc.com

Attorneys for Nomad Adventures, LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was served by ECF electronic noticing or via regular mail, postage pre-paid, this 12th day of February, 2015, upon: **Timothy Micah Dortch., Esq.,** Cooper & Scully, P.C., 900 Jackson Street, Suite 100, Dallas, TX 75202; **Steven Bublitz, Esq.**, 1113 Howdershell Road, Florissant, Missouri 63031; **E. Rebecca Case, Esq.**, Trustee, Stone, Leyton & Gershman, 7733 Forsyth Boulevard, Suite 500; St. Louis, MO 63105; and **Office of the U.S. Trustee**, 111 South Tenth Street, Ste. 6353, St. Louis, MO 63102.

/s/ Robert E. Eggmann